## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANTUANETTE JOHNSON,**

      **Plaintiff,**

        **v.**             **CASE NO.:**

**YVES SAINT LAURENT**
**AMERICA, INC., a**
**Foreign Profit Corporation,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANTUANETTE JOHNSON (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant YVES SAINT LAURENT AMERICA, INC. (hereinafter "Defendant"), and in support thereof states as follows:

## NATURE OF CASE

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., and to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to

be pled), attorneys' fees and costs, and any other relief to which Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.    This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2.    Plaintiff's claims arise under the laws of the United States.

3.    Additionally, the events giving rise to this action occurred within this District. Thus, venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff began working for Defendant beginning in or about April 2013.

5.    Plaintiff worked for Defendant in Orlando, Orange County, Florida.

6.    Defendant is a Florida for profit corporation providing sales of luxury items in various locations including, but not limited to, the location where Plaintiff was employed.

7.    Defendant employs more than fifty (50) employees.

8.    Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9.    Plaintiff was an "employee" as defined by the FMLA.

10.    Defendant is an "employer" as defined by the FMLA.

2

11.    Plaintiff was an "employee" as defined by the ADAAA.

12.    Defendant is an "employer" as defined by the ADAAA.

13.    Plaintiff was an "employee" as defined by the FCRA.

14.    Defendant is an "employer" as defined by the FCRA.

## ADAAA AND FCRA STATUTORY PREREQUISITES

15.    At all times material hereto, Plaintiff suffered from a tear in her peroneal tendon, a disabling medical condition under the ADAAA and the FCRA.

16.    Plaintiff was discriminated against based on her disability.

17.    Plaintiff is a member of a class of individuals protected by both the ADAAA and the FCRA.

18.    The Defendant meets the statutory criteria for coverage as "employers" under the ADAAA and FCRA.

19.    Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA and the FCRA.

20.    At all times material to the allegations herein, Plaintiff was qualified for the position of Store Director.

21.    Plaintiff timely filed her Charge of Discrimination with the EEOC on or around May 25, 2022.

22.    The EEOC issued a Dismissal and Notice of Rights on September 22, 2022.

23.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her  right-to-sue letter.

24.     Plaintiff has complied with all other ADAAA and FCRA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

25.     Defendant hired Plaintiff as a Store Director in or around April 2013.

26.     In or around September 2021, Plaintiff began experiencing a medical issue with her left foot.

27.     Plaintiff treated at Foot & Ankle Sports Medicine Institute on September 8, 2021.

28.     MRI's conducted on Plaintiff's foot revealed she suffered from a tear in her peroneal tendon on her left foot.

29.     Because this condition affected Plaintiff's ability to walk, stand and bend, it is a disabling condition.

30.     Plaintiff informed her supervisor, Melissa Lewis, of her medical condition on or around September 8, 2021.

31.     Plaintiff's medical disability required her to wear a lightweight walking brace/walking boot.

32.     Plaintiff wore the walking brace to work on multiple occasions (daily).

33.     Less than a month after reporting her disabling condition, Plaintiff was placed on a Performance Improvement Plan ("PIP") issued by Melissa Lewis and Ana Olmos, on October 1, 2021.

Plaintiff was surprised to receive the PIP because at no time prior, were there any performance or disciplinary issues brought to her attention.

34.     On October 19, 2021, Dr. Gideon J. Lewis, DPM, from Advent Health diagnosed Plaintiff with a torn tendon on her left foot.

35.     The injury, ultimately, required surgery. Accordingly, Plaintiff requested and was approved for FMLA leave on October 29, 2021.

36.     Plaintiff's FMLA leave began on November 11, 2021, and ended on February 4, 2022.

37.     Plaintiff returned to work on February 4, 2022.

38.     Within four (4) weeks after returning, Defendant terminated Plaintiff.

39.     Defendant was aware that Plaintiff had timely and properly requested FMLA for her own medical condition.

40.     Defendant was aware that Plaintiff's treating physician had submitted the necessary documentation for Defendant to process Plaintiff's request for FMLA leave.

41.     Plaintiff was eligible for FMLA leave for her own medical condition.

5

42.    Defendant did not properly advise Plaintiff of her rights under the FMLA.

43.    Defendant interfered with Plaintiff's rights under the FMLA.

44.    Defendant's actions serve as *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

45.    Defendant retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

46.    Defendant also discriminated against Plaintiff because of her ADAAA qualifying disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

47.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-6; 11-12; 15-38; and 46 above as if fully set forth herein and further states the following:

48.    Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

49.    Defendant discriminated against Plaintiff because of her disability in violation of Federal law.

50.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

51.    Defendant denied Plaintiff a reasonable accommodation(s) as required by Federal law.

52.    Plaintiff is protected by the ADAAA:

    a.    Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

    b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

53.    Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

54.    Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

55.    Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

56.    By reason of the foregoing, Defendant's actions and non-actions affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADAAA.

57.    Alternatively, Defendant perceived Plaintiff as being "disabled" and, therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

58.    Pleading in the alternative, Plaintiff's medical condition

constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

59.   Defendants do not have a non-discriminatory rationale for denying Plaintiff's accommodation(s) request.

60.   Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant during her employment. Therefore, she is member of the protected class as envisioned by the ADAAA.

61.   Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

62.   The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

63.   The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

64.   Defendant's, their agents', and employees' conduct proximately, directly, and foreseeably injured Plaintiff and calls for remedies, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65.   Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award

of punitive damages against Defendant to deter it, and others, from such conduct in the future.

66.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

67.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-6; 11-12; 15-38; and 46 above as if fully set forth herein and further states the following:

68.    Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

69.     Defendant retaliated against Plaintiff because of her disabilities in violation of Federal law.

70.     Defendant failed to engage in the interactive process to determine whether any accommodation(s) could be given to Plaintiff without creating an undue hardship to Defendant.

71.     Defendant denied Plaintiff a reasonable accommodation(s) as required by Federal law.

72.     Defendant terminated Plaintiff because she requested reasonable accommodation because of her disability.

73.     Defendant terminated Plaintiff in violation of the ADAAA.

74.     Plaintiff is protected by the ADAAA:

   a.     Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

   b.     Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

75.     Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

76.     Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

77.     Defendant's actions unquestionably constitute retaliation in

violation of the ADAAA, as amended.

78.   By reason of the foregoing, Defendant's actions and non-actions affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADAAA.

79.   Alternatively, Defendant perceived Plaintiff as being "disabled" and, therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

80.   Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

81.   Defendant does not have a non-discriminatory rationale for terminating Plaintiff.

82.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant during her employment. Therefore, she is a member of the protected classes as envisioned by the ADAAA.

83.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

84.   The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

85.   Defendant's, its agents', and employees' conduct proximately, directly, and foreseeably injured Plaintiff and calls for remedies including, but

not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish,  loss of enjoyment of life, and other non-pecuniary losses.

86.    Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

87.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

88.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-6; 13-38; and 46 above as if fully set forth herein and further states the following:

89.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

90.     Plaintiff is a member of a protected class because she suffers from a medical handicap.

91.     At all material times, Plaintiff was qualified to perform her job duties.

92.     Defendant treated Plaintiff less favorably than similarly situated non-disabled employees.

93.     Defendant discriminated against Plaintiff because of her handicap.

94.     Defendant also subjected Plaintiff to the adverse employment action of having her hours reduced and being terminated.

95.     Defendant's acts, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her handicap.

96.     Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

97.     Defendant's, its agents' and employees' conduct proximately, directly, and foreseeably injured Plaintiff and calls for remedies including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98.     Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others from such conduct in the future.

99.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

100.   Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

101.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-6; 13-38; and 46 above as if fully set forth herein and further states the following:

102.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

103.   Plaintiff is a member of a protected class because she suffers from a disabling handicap.

104.   At all material times, Plaintiff was qualified to perform her job duties.

105.   Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

106.   Defendant retaliated against Plaintiff for requesting reasonable accommodations due to her handicap.

107.   Defendant's acts, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her handicap.

108.   Defendant does not have a legitimate, non-discriminatory reason

15

for firing Plaintiff.

109.   Defendant's, its agents', and employees' conduct, proximately, directly, and foreseeably injured Plaintiff and calls for remedies including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

110.   Defendant's conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights as to entitle her to an award of punitive damages against Defendant, to deter Defendant and others, from such conduct in the future.

111.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

112.   Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

16

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION UNDER THE FMLA

113.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-6; and 25-25 above as if fully set forth herein and further states the following:

114.  Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

115.  Defendant was Plaintiff's employer as defined by the FMLA.

116.  Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

117.  Defendant discriminated and retaliated against Plaintiff because Plaintiff exercised her rights under the FMLA

118.  Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

119.  Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

120. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

121. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

122. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

123. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

124. Defendant's violations of the FMLA were willful.

125. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

18

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 19th day of December, 2022.

Respectfully submitted,

***s/Julien W. Maynard***
Anthony Hall, Esq.
FL Bar No.: 40924
Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***